IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AKENSHAI TOWNS,

        Plaintiff,

        v.

DISTRICT ATTORNEY R. SETH WILLIAMS, et al,

        Defendants.

CIVIL ACTION
NO. 17-2866

## MEMORANDUM OPINION

**Schmehl, J. /s/ JLS**　　　　　　　　　　　　　　**March 29, 2019**

## I.　　INTRODUCTION

Plaintiff's Complaint in this matter was filed on June 29, 2017 and on July 24, 2017, he filed an Amended Complaint against former District Attorney R. Seth Williams, Curtis Matthews, David Soto, Officer Michael Schauffele, 35th District Police Officers, Unknown, District Attorneys of Philadelphia, Unknown, and Prisoner Transportation Services. Defendants, Officer Schauffele and District Attorney Seth Williams[1], filed Motions to Dismiss and the Court granted Defendants' Motions without prejudice. Plaintiff then filed his Second Amended Complaint on August 6, 2018, setting forth causes of action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. Defendants, Officer Michael Schauffele and District Attorney Lawrence Krasner, now

---

[1] Mr. Williams is no longer the District Attorney of Philadelphia. Accordingly, his successor in office, Lawrence S. Krasner, Esq., should be substituted as defendant pursuant to F.R.C.P. 25(d).

move to dismiss Plaintiff's Second Amended Complaint.[2] For the reasons that follow, I will grant Defendants' Motions to Dismiss, and dismiss Plaintiff's Second Amended Complaint with prejudice.

## II.   FACTS

On July 8, 2013, a Philadelphia Municipal Court judge issued an arrest warrant for Plaintiff for aggravated assault, possession of an instrument of crime, and simple assault. (*See* Arrest Warrant, Docket No. 21, Exh A). In October 2015, Plaintiff was arrested in Jackson Parish, Louisiana. On October 9, 2015, he waived extradition proceedings and was extradited to Philadelphia. (*See* Extradition Waiver, Docket No. 21, Exh B). On October 30, 2015, Plaintiff was charged with aggravated assault, possession of an instrument of crime, and simple assault. (*See* CP-51-CR-0011691-2015, Docket No. 21, Exh C; MC-51-CR-0033845-2015, Docket No. 21, Exh D). Following a preliminary hearing in the Municipal Court on November 18, 2015, Plaintiff's criminal case was held over for trial.

Plaintiff then commenced this action alleging that Defendants violated his federal constitutional and statutory rights by filing "falsified extradition warrants, creating and filing false affidavits and or indictments against plaintiff Towns in order to extradite plaintiff to Philadelphia as part of a retaliatory scheme." (Compl. at 3, 9).

According to Plaintiff, District Attorney Williams and unknown members of the District Attorney's Office drafted and issued a counterfeit extradition warrant to secure his extradition from Louisiana to Pennsylvania for 14 counts of forgery. (Am. Compl. at ¶ 1). Plaintiff claimed that Defendants' actions resulted in "violations of his

---

[2] A review of the docket entries in this matter shows that only Defendant Schauffele and the District Attorneys' Office of Philadelphia were properly served with the complaint and summons in this matter. *See* Docket Nos. 8 and 12.

Constitutional and Statutory Rights, denials of due process and freedom of speech,

violations of the Uniform Extradition Act, unlawful detainment and imprisonment,

Physical and emotional distress, mental anguish, and a loss of his liberties, wages,

opportunities and freedoms." (*Id.*). Plaintiff also alleges that in October of 2015, Officer

Schauffele "aided and abetted" District Attorney Seth Williams and "conspir[ed] in the

construction of falsified documentation (warrants, affidavits, waivers, and indictments)

against plaintiff Towns." (Am. Compl. at ¶ 3.)

III. <u>LEGAL STANDARD</u>

"To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)). A claim satisfies the plausibility standard when the facts alleged "allow[]

the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Burtch v. Millberg Factors, Inc.*, 662 F.3d 212, 220-21 (3d Cir. 2011) (citing

*Iqbal*, 556 U.S. at 678). While the plausibility standard is not "akin to a 'probability

requirement,'" there nevertheless must be more than a "sheer possibility that a defendant

has acted unlawfully." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556). "Where

a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops

short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (*quoting*

*Twombly*, 550 U.S. at 557).

The Court of Appeals requires a three-step analysis under a 12(b)(6) motion: (1)

"it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it

should identify allegations that, 'because they are no more than conclusions, are not

entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (*quoting Iqbal*, 556 U.S. at 675, 679); *see also Burtch*, 662 F.3d at 221; *Malleus v. George*, 641 F.3d 560, 563 (3d. Cir. 2011); *Santiago v. Warminster Township*, 629 F.3d 121, 130 (3d. Cir. 2010).

IV. **DISCUSSION**

    A. **DEFENDANT SCHAUFFELE**

First, Plaintiff completely fails to plead that Officer Schauffele had any personal involvement whatsoever in the alleged wrongs set forth in his Second Amended Complaint. A plaintiff cannot sustain a § 1983 claim without averring the existence of such personal involvement. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). A complaint must include "allegations of personal direction or of actual knowledge and acquiescence," and such allegations "must be made with appropriate particularity." *See id*. Therefore, a plaintiff cannot survive a motion to dismiss by merely making conclusory allegations of personal involvement.

Here, Plaintiff's Second Amended Complaint, like his Amended Complaint, does not contain factual allegations regarding Schauffele's conduct, but instead relies on conclusory statements parroting legal standards. Plaintiff has thus failed to adequately allege that Officer Schauffele was personally involved in a constitutional violation. *See Santiago v. Warminster Twp.*, 629 F.3d 121, 131 (3d Cir. 2010) (holding that an allegation that supervisors "told [police officers] to do what they did" was conclusory and failed to state a claim); *Rode*, 845 F.2d at 1207; *Donahue v. Zola*, 2013 WL 3945991, at

*2-3, 7 (M.D. Pa. July 30, 2013) (dismissing § 1983 claims against police detective because "there are no allegations of personal involvement by [the detective] in Plaintiff's Complaint"; *Holmes v. Keen*, 2013 WL 5888137, at *2 (M.D. Pa. Nov. 1, 2013) (dismissing § 1983 claim against a warden because "the plaintiff makes no allegation that [the warden] was personally involved in any of the actions").

Here, Plaintiff's allegations against Defendant Schauffele consist of the following: that he "aided and abetted" the District Attorney, Seth Williams, "in invoking state law for pursuit of private ends" and that "through conspiring in the construction of falsified documentation" he violated the constitutional rights of Plaintiff "with the pre meditated [sic] purpose of charging [him] with charges unrelated to the invalid warrant." Sec. Am. Cmplt. at ¶ 3. At best, Plaintiff makes conclusory allegations that Officer Schauffele "aided and abetted" and "conspired" to deprive him of his rights. He fails to make any specific factual allegations about what conduct Schauffele allegedly engaged in that would give rise to a constitutional violation.

Furthermore, Plaintiff again fails to challenge the legality of his arrest by Officer Schauffele in Philadelphia for other charges. Instead, Plaintiff focuses on an alleged "invalid warrant of his extradition" from Louisiana to Philadelphia, and makes vague legal conclusions with regards to Officer Schauffele's involvement with the warrant. Without specific factual allegations regarding how Officer Schauffele was involved in alleged wrongdoing, Plaintiff fails to state a claim against him under 42 U.S.C. § 1983 in his Second Amended Complaint, and all claims against Officer Schauffele are dismissed.

## B. DEFENDANT KRASNER

Plaintiff brings a 42 U.S.C. § 1983 claim against District Attorney Lawrence S.

Krasner in his official capacity based on Plaintiff's allegation that his constitutional rights were violated when he was extradited from Louisiana to Pennsylvania. An official-capacity claim against the Philadelphia District Attorney is, in essence, a municipal liability claim governed by *Monell. See Monell v. NewYork City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) ("official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent"); *see also McHugh v. Koons*, 2015 WL 9489593, at \*9 (E.D.Pa. Dec. 30, 2015) ("An official capacity suit against a prosecutor is essentially a municipal liability claim . . . pursuant to *Monell*."). "Generally, a municipality will not be held liable under the doctrine of *respondeat superior* for the misconduct of its employees. . . . Rather, a municipality can only be liable under Section 1983 when a constitutional injury results from the implementation or execution of an officially adopted policy or informally adopted custom." *Wilson v. City of Philadelphia*, 2016 WL 1392250, at \*16 (E.D.Pa. Apr. 8, 2016) (*citing Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990); *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996)).

Here, Plaintiff's Second Amended Complaint does not allege any "officially adopted policy or informally adopted custom" attributable to the District Attorney's Office. Rather, it seeks to impute liability to the District Attorney's Office based solely on the acts of one or more unnamed prosecutors involved in extradition proceedings. Thus, Plaintiff's theory of the case, insofar as an official-capacity claim is concerned, is impermissibly based on the doctrine of *respondeat superior*. Such a claim cannot survive under *Monell*. 436 U.S. at 691. Accordingly, Plaintiff's claim against Defendant Krasner must be dismissed.

## V.    <u>CONCLUSION</u>

For the foregoing reasons, the Court will grant Defendants' motions to dismiss and dismiss Plaintiff's Second Amended Complaint for failure to state a claim. I am mindful of the fact that *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, *see Fletcher–Hardee Corp. v. Pote Concrete Contractors,* 482 F.3d 247, 253 (3d Cir.2007), unless granting further leave to amend is not necessary where amendment would be futile or result in undue delay, *Alston v. Parker,* 363 F.3d 229, 235 (3d Cir. 2004). In this matter, it would clearly be futile to allow Plaintiff to amend, as he has already filed three complaints, none of which is sufficient to state causes of action against the Defendants. Accordingly, Plaintiff's Second Amended Complaint is dismissed with prejudice as to all Defendants.